IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

NOAH M. SANDERS,

  Plaintiff,

Vs.

BUPERVISOR TAMMY,
SGT? BUBLITZ,
SGT. J. PETSIN,
CORPORAL MARTEN,
DEBRA KNISBECK, and,
JOHN or JANE DOE,

  Defendant's.

Case No: 20-CV-925.

**Jury Trial Demanded.**

---

## AMENDED CIVIL RIGHTS COMPLAINT
## PURSUANT TO 42 U.S.C. § 1983.

---

**PLEASE TAKE NOTICE,** That the above-named Plaintiff, Mr. Noah M. Sanders, ("**Mr. Sanders**"), by and through himself **pro se**, and for a amended complaint against the defendant's named herein as follows:

### I. PARTIES.

1.) Plaintiff, Noah M. Sanders, was at all times relevant to this action a prisoner at the Dodge County Jail / Detention Fasility which is located in Dodge County, Juneau, Wisconsin.

2.) Defendant Supervisor Tammy, was at all times relevant to this action a Supervisor at the Dodge County Jail (**Hereinafter: 'DCJ'**), and was acting under the color od state and federal law. By rule she is responsible for ensuring the health, and safety of each prisoner.

3.) Defendant Sgt. Bublitz, was at all times relevant to this action a sergeant for the DCJ and was acting undeerthe color of sta state and federal law. By rule this Sgt. is responsible for ensuring the safety and health of each inmate / prisoner at DCJ that is confined to his/her unit of assigned duty.

4.) Defendant Sgt. J. Petsin, was at all times relevant to this

-1-

action a Sergeant for the DCJ and was acting under **color** of State and Federal Law. By rule this Sgt. is responsible for ensuring the safety and Health of eqach inmate / prisoner at DCJ that is confined to the unit they are assigned to.

5.) Defendant Marten, was at all times relevant to this action a Corporal at the DCJ and was acting under the color of State and Federal Law. By rule this Corporal is responsible for ensuring the safety and health of each inmate / prisoner at DCJ that is confined to the unit they are assigned to.

6.) Defendant Debra Knisbeck, was at all times relevant to this action the Nurse Practioner for the DCJ and wasaacting under the clor color of State and Federal Law. By rule she is responsible for ensur -ing that every mediSal, and medication's are provided to each and e every inmate / prisoner in her case, along with ensuring that each prisoner **healthoand safety at DCJ.**

7.) Defendant's John or Jane Doe, was at all times relevant to this action the Health Services Supervisor at the DCJ and was acting under the color of State and Federal Law. By rule he or she is responsible for ensuring that each priusoner is provided with the adequate, medical care, and that treatment to each inmate/prisoner is correct, and that the medication(s) are correct. Along with not being denied any medical treatment of any kind whatsoever by HSU staff.

## FIRST STATEMENT OF CLAIM.

8.) Plaintiff realleges and incorporates by reference each and every paragraphs with in his original complaint along with this amended one as well.

9.) On December 8, 2018, Plaintiff was booked into DCDF **(i.e., Dodge County Detention Facility);** After Plaintiff was there he had began having stroke like sympboms. Multiple times Plaintiff had asked for help with no such luck of any staff member rendering any type of aid. Plaintiff had also placed this request for medical assistance within the DCDF Kiosk staff system. To only again be denied medical treatment. HSU staff respopnded stating that I am already on medications I had agreed to take for Plaintiff's conditions. After two (2) weeks of the constant complaining of chess pains. A Nurse Dawn realized that Plain

-2-

-tiff was exhibiting stroke symptoms and might have had one prior to this on January 07, 2019. Plaintiff was then taken to two different hospitals, one in Columbus, Wisconsin and the other in U.W. Health in Madison, Wisconsin, where Plaintiff finally was diagnosed with multiple sclerosis, treated accordingly. Plaintiff had submitted multiple grievances that was decided and came back **"unfounded"** that staff did not do anything wrong under the argument that Plaintiff had agreed to takiung the medications the Nurse went over with SAnders.

On January 10, 2019, when released from the Hospital, and prior to being placed in the hospital. HSU staff never provided Plaintiff with any medications that was prescribed theeVitamin $D^3$, and Vitamin B Complex that prevents a MS relapse were being marked as the Med Admin -istration record sheet as dispensed, but Plaintiff is not receiving it.iIn Addition, since Plaintiff's booking date of April 12, 2019 at DCJ he has not been receiving his Gabepentin medications.

It should also be noted that, upon returning from the hospital Plaintiff has not been given the correct medications, for the hospital doc -tor prescribed one thing and DCJ Defendant Debra Knisbeck and or John or Jane Doe had changed Plaintiff's medications for the labels that the hospital gave him, does not reflect the same labels that HSU in DCJ has provided Plaintiff.

**10.)** On May 4, 2019, Defendant Tammy refused to give Plaintiff's medications. and just stated stop crying all the time, in front of other inmate prisoners and other staff members. In which everyone laughed at Plaintiff and which caused Plaintiff to really get angry, and was extremely embaassed, caused him mental anguish and he then filed a inmate complaint.

On May 16, 2019, Defendant Tammy along with Defendant Debra Knisbeck both refused to gfive Sanders his medications this time iotwas his vitamin B1 complex in which prevents his MS from relapsing. On this very same day along with both defendant's present stated: **"that I will not be getting my Vatimin B1 Complex"**. And, Defendant debra Knis -beck started laughing as if this was a joke of some kind.

**11.)** On May 23, 2019, Defendant Tammy in not wanting to provide Plaintiff with any medical treatment, gave Sanders medications to CO Krueger to give to Plaintiff, even thought Supervisor's state that CO -'s are trained to dispense medications to inmates at DCJ. CO Krueger

acted as if he had no training whatsoever, for he just gave Plaintiff his medications and walked away not observing if Plaintiff tooked them or not. Sanders feeling emotionally, mentally distressed was having thoughts of committing suicide didu not take them and was attempting to save them to overdose on these psychotropic medications.

12.) When defendant Tammy learned that Plaintiff was doing this, she was on the unit and made reference towards Plaintiff of killing himse-lf in which other inmates over heard such commit and laughed and was making jokes towards rather mimicking Plaintiff as if he was cry-ing and pleading for help. Then stating kill yourself towards Plain-tiff.

13.) On April 27, 2019, while confined in DCDF and DCJ. Plaintiff had two (2) strokes within a 2 weeks spand. No DCJ, DCDF or HSU Staff ren-der any medical aid to Plaintiff. It wasnt until a Nurse Dawn who was walking by in passing that she noticed Plaintiff's signs of such, an medical state he was in and ordered that he be sent to the hospital. Defendant J. Pelsin was aware of this and tunned a blind eye to his co-workers misconduct, neglegence in providing medical care; and actu-ally did as the other defendant's did to Plaintiff Defendant J. Pels-in mimcked Sanders as if he was crying, and winning about being in p pain. Stating to him in person, stop crying all the time. b..ur

14.) On April 29, 2019, Defemdant J. Pelkin again dismissed inmates complaint after he alleges that Defendant Tammy and Debra Knisbeck had stated they've spoke to Sanders. This wasnt true as these defendant'-s never addressed any of these medical concerns or medications whats-oever. And, infact they had been deliberately avoiding Plaintiff in not wanting to address any of his medical needs.

15.) On May 4, 2019, all the way to May 30, 2019, Defendant Pelsin inegaged in calling Plaintiff names such as cry babe, stop winning all the time every time Plaintiff had seen him around the units, on paper he would just dismiss every complaint that Plaintiff had submitted about the defebdant's actions. Defendant J. Pelsin would dismiss a complaint based on false conclusions that never happened, turning a blind eye to Pelsin's co-workers actions and deliberately denying Plaintiff any type of medical care.

16.) On June 9, 2019, Defendant Corporal Marten did not allow Plain-tiff to enter his cell to use the restroom, in which Plaintiff infor-med

-med Defendant Marten that he has a condition of Crohn's disease and really needs to use the restroom please. Defendant Marten just laughed and stated there is nothing in the computer about this so you well ha-ve to shit on yourself, every other inmate began laughing again. Pla-intiff informedtDefendant Marten that this was not right and he stat-ed I "I don't care, you are not going into your cell shit on yourself I don't care."

17.) ₿rom May 4,21 and November 19, of 2019, Defendant Debra Knés-beck engaged in misconduct and denied Plaintiff medical care also de-nied him his medications numerous of times, where other inmates wit-nessed such. And, Defendant also began to atméck **Plaintiff** with Def. Tammy at times when she was alone passing out medications. She delibe-rately refused to give him his medications and went to a point where she stated there was no meds here for you Sanders. But, later while a another HSUn staff would show Plaintiff his medication log it would state that Inmate either refused it or was taken. In none of these cases did Plaintiff was ever offered any ty pe of medications. leaving Plaintiff without his meds and in pain for weeks and months.

18.) From May 16,23rd and October 5th, and 23rd of 2019, Defendant John or Jane Doe, listed that Plaintiff would be seen by HSW staff but would not seen him, at times, would state that they provided treatment and no treatment was ever provided⸴actually Plaintiff was or would not had been seen at all.

19.) These Defendant's John or jahe Doe, would state that medicat-ion was sent and no medication was ever given to Sanders whatsoever. Leaving Plaintiff in pain, in extreme pain from his MS, from his Crohn's disease, from his psyphotropic illness and the various other medical illness he has.

### III. JISDICTION AND VENUE.

20.) Plaintiff brings thisslawsuit pursuant to 42 U.S.C. § 1983. This Court has Jurisdiction under 28 U.S.C. §§. 1331, 1343, and 1367, Where applicable. Plaintiff also seeks a declaratory judgment pursu-ant to 28 U.S.C. § 2201.

21.) The Eastern District Court of Wisconsin is an appropriate venue under 28 U.SCC. § 1391(b)(2) because a substantial part of the

events or omissions giving rise to the claim occurred at the Dodge County detention Facility / Jail. Juneau, Wisconsin.

## IV.
## IV. PRAYER FOR RELIEF.

WHEREFORE, The Plaintiff, Mr. Sanders demands and prays, that this Honorable Court grant him leave to proceed in this action and award the following relief:

22.) That a declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitutions and laws of the United States and Wisconsin.

23.) An award of Fifty ($ 50,000.00) thousand dollars on each defen -dant to represent the Eighth Amendment of cruel and Unusual / Deliberate indifference violations against each defendant herein named at a (Sum Certain); and,

24.) An award of Fifty ($ 50,000.00) thousand dollars on each defen dant for punitive damages for knowingly violating plantiff's rights to medical treatment and delaying in treating him, by knowingly condu -cting no examinations and stating that he agreed to the medication(s) than providing the wrong medications, and staff ignoring the cries fo for help and lefted to suffer in extreme pain, and the thought that he would die at thererhands with pass strokes and various other medical issues and illness. That these punitive damages be at a (Sum Certain)1

25.) A Jury trial on all issues and defendant listed by a jury.

26.) That Mr. Sanders costs on this civil rights complaint be paid by the defendant's.

27.) That any other additional relief this Honorable Court deems appropriate, just, proper, and equitable.

Date:Executed at Green Bay, Wisconsin, this 26 day of February,2021.

Respectfully Submitted By:

GREEN BAY.CORR.INST.
P.O. BOX. 19033.
GREEN BAY, WIS. 54307.

/s/ Noah Sanders

Noah M. Sanders
(# 501105),

Cc: Filed.

Pro se, Plaintiff.