UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NOAH SANDERS,

                Plaintiff,

                              Case No. 2:20-cv-000925-WED

    v.

TAMRA WOLLIN, *et al.*,

                Defendants.

## ANSWER TO AMENDED COMPLAINT

Tamra Wollin and Debra Knisbeck (referred to as the "Healthcare Professionals"), by her counsel Kopka Pinkus Dolin PC, submit this answer to Plaintiff's Amended Complaint (Doc. 11).

## ANSWER TO AMENDED COMPLAINT (DOC. 11)

### Parties

1.    Answering paragraph 1, the Healthcare Professionals admit that Plaintiff was incarcerated at the facility identified but lack information sufficient to admit or deny the exact timing of his incarceration and, therefore, deny those allegations.

2.    Answering paragraph 2, the Healthcare Professionals deny that Nurse Wollin was a "supervisor at the Dodge County Jail," admit that she was responsible for providing health services to inmates, and lack information sufficient to admit or deny the legal conclusions asserted and, therefore, deny them.

3.    Answering paragraph 3, the Healthcare Professionals lack information sufficient to admit or deny the allegations asserted and, therefore, deny them.

4. Answering paragraph 4, the Healthcare Professionals lack information sufficient to admit or deny the allegations asserted and, therefore, deny them.

5. Answering paragraph 5, the Healthcare Professionals lack information sufficient to admit or deny the allegations asserted and, therefore, deny them.

6. Answering paragraph 6, the Healthcare Professionals admit that Nurse Knisbeck was a licensed nurse who provided health services to inmates but deny that she worked for the DCJ. The Healthcare Professionals also lack knowledge sufficient to admit or deny the legal conclusions stated and, therefore, deny them.

7. Answering paragraph 7, the Healthcare Professionals lack information sufficient to admit or deny the allegations asserted and, therefore, deny them.

**First Statement of Claim**

8. Answering paragraph 8, the Healthcare Professionals incorporate their prior answers by reference.

9. Answering paragraph 9, the Healthcare Professionals lack information sufficient to admit or deny the allegations asserted and, therefore, deny them. The Healthcare Professionals deny all liability expressed or implied.

10. Answering paragraph 10, the Healthcare Professionals deny the allegations.

11. Answering paragraph 11, the Healthcare Professionals deny the allegations.

12. Answering paragraph 12, the Healthcare Professionals deny the allegations.

13. Answering paragraph 13, the Healthcare Professionals lack knowledge sufficient to admit or deny the allegations asserted and, therefore, deny them. The Healthcare Professionals deny all liability expressed or implied.

14. Answering paragraph 14, the Healthcare Professionals lack knowledge sufficient to admit or deny the allegations asserted and, therefore, deny them.

15. Answering paragraph 15, the Healthcare Professionals lack knowledge sufficient to admit or deny the allegations asserted and, therefore, deny them.

16. Answering paragraph 16, the Healthcare Professionals lack knowledge sufficient to admit or deny the allegations asserted and, therefore, deny them.

17. Answering paragraph 17, the Healthcare Professionals deny the allegations.

18. Answering paragraph 18, the Healthcare Professionals lack knowledge sufficient to admit or deny the allegations asserted and, therefore, deny them.

19. Answering paragraph 19, the Healthcare Professionals lack knowledge sufficient to admit or deny the allegations asserted and, therefore, deny them.

## Jurisdiction and Venue

20. Answering paragraph 20, the Healthcare Professionals admit that the Court has subject matter jurisdiction.

21. Answering paragraph 21, the Healthcare Professionals admit that this venue is proper based on the facts pled.

## Prayer for Relief

22. Answering paragraphs 22-27, the Healthcare Professionals deny all liability expressed or implied or that they are liable for any relief Plaintiff seeks.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Amended Complaint fails to state a claim against upon which relief may be granted.

2. Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

3. The Healthcare Professionals acted in good faith with the good faith belief that all their actions were necessary and reasonable for the discharge of their duties and obligations of their positions.

4. Upon information and belief, Plaintiff is barred to pursue this legal action because he failed to exhaust all administrative remedies available as required by federal and state law.

5. All alleged damages Plaintiff alleged to have sustained are barred by and contrary to public policy.

6. The Healthcare Professionals may be entitled to qualified or absolute immunity.

7. The Healthcare Professionals did not act with deliberate indifference or act objectively unreasonable at any time relevant to this action.

8. The Healthcare Professionals incorporate by reference all defenses set forth in Fed. R. Civ. P. 12, as to not waive the same.

9. The Healthcare Professionals reserve the right to amend this answer and assert additional defenses as discovery proceeds.

## PRAYER FOR RELIEF

WHEREFORE, the Healthcare Professionals pray for judgment against Plaintiff, as follows:

1. That judgment be awarded in their favor and against Plaintiff, and that the Amended Complaint be dismissed with prejudice;

2. That they be awarded costs of suit;

3. That they be awarded reasonable attorneys' fees as may be determined by this Court; and

4. For such other and further relief as the Court shall deem just and proper.

## JURY DEMAND

1. The Healthcare Professionals request a trial by jury.


Dated: September 27, 2021          **KOPKA PINKUS DOLIN PC**

By: *Electronically signed by Ryan M. Wiesner*
Ryan M. Wiesner
N19 W24200 Riverwood Drive, Suite 140
Waukesha, WI 53188
Tel. (219) 794-1888
Fax (219) 794-1892
Email rmwiesner@kopkalaw.com

*Counsel for Tamra Wollin and Debra Knisbeck*