# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NOAH M. SANDERS**,

    Plaintiff,

  v.                                          **Case No. 20-CV-925**

**TAMRA WOLLIN,**

    Defendant.

## ORDER

When the defendant did not move for summary judgment, the court set a status conference for April 18, 2022, to discuss further scheduling. The court sent notice of the hearing to plaintiff Noah M. Sanders at Green Bay Correctional Institution. When the notice was returned as undeliverable, the court discovered that Sanders had been released in October 2021 and had an unidentified person send in a letter updating his address. (ECF No. 14.) The court rescheduled the hearing for June 1, 2022, and sent notice of the rescheduled hearing to Sanders at the updated address, enclosing a docket report and all documents filed since October 2021. (ECF No. 24.)

Sanders failed to appear at the June 1, 2022, hearing. Before dismissing the case, the court ordered Sanders to file a letter by June 23, 2022, stating whether he is still interested in pursuing this case. (ECF No. 27.) The court warned Sanders that, if he failed to file a letter by that date, the court would dismiss his case for lack of prosecution.

The June 23, 2022, deadline has passed, and Sanders has not filed a letter indicating that he wishes to continue with this lawsuit. The defendants have filed a motion to enforce the court's show cause order. (ECF No. 28.) The defendants' motion is granted, and this case is dismissed for failure to prosecute. *See* Civil L.R. 41(c).

**IT IS THEREFORE ORDERED** that the defendants' motion to enforce the show cause order (ECF No. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The clerk of court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated in Milwaukee, Wisconsin this 27th day of June, 2022.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge